IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

* * * * * * * * *

|  |  |
|---|---|
| JAMES R. KEARL; GREGORY D. ADAMS; AND STEVEN N. WIGGINS, | Civil No. 2:04-CV-00175 BSJ |
| Plaintiffs, | **ORDER FURTHER ARTICULATING REASONS FOR RULE 54(b) CERTIFICATION** |
| vs. |  |
| GORDON C. RAUSSER, | **FILED** CLERK, U.S. DISTRICT COURT |
| Defendant. | February 23, 2007 (4:52pm) DISTRICT OF UTAH |

* * * * * * * * *

This Court, at the suggestion of the court of appeals, has revisited the form and content of the Judgment entered in this case on October 6, 2006 (dkt. no. 153), to assist the court of appeals in evaluating whether that Judgment's Rule 54(b) certification is adequate to meet the standards set forth in the rule and applicable appellate cases.

Rule 54(b) of the Federal Rules of Civil Procedure reads in pertinent part:

> **(b) Judgment Upon Multiple Claims or Involving Multiple Parties.**
> When more than one claim for relief is presented in an action, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b) (emphasis added).

In order for a Rule 54(b) certification to be proper, the court must first determine the

order to be certified is a final judgment; it then must find there is no just reason to delay appellate review of the order until the conclusion of the entire case. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980). *See also Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001); *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir. 1988). To be considered "final" under Rule 54(b), the order must be "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp.*, 466 U.S. at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). The factors to be considered include "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp.*, 466 U.S. at 8.

"Although it is somewhat unclear what form the certification under Rule 54(b) should take, both the court's direction and determination must be apparent and there should be no doubt as to the district court's intention to certify." 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2660, at 146 (3d ed. 1998) (footnote omitted).[1]

---

[1] Rule 58(a) of the Federal Rules of Civil Procedure requires that "[e]very judgment and amended judgment must be set forth in a separate document . . . ." As the Advisory Committee Note to Official Form 31 explains, "The Rules contemplate a simple judgment promptly entered," of which Official Forms 31 and 32 have been promulgated as exemplars. *See also Clough v. Rush*, 959 F.2d 182, 184-86 (10th Cir. 1992) (discussing the Rule 58(a) separate document requirement). For purposes of appeal, "A judgment is deemed entered when the judgment is set forth on a separate document, *see* Fed.R.Civ.P. 58(a), and entered in the civil docket. Fed. R.App. P. 4(a)(7)(A)(ii)." *Alva v. Teen Help*, 469 F.3d 946, 948 (10th Cir. 2006); *see* Fed. R. Civ. P. 58(b)(2) (noting that a judgment is entered when it is filed as a separate document).

> [T]he separate document requirement is designed to ensure that litigants are alerted to the entry of judgment and to the starting of the clock for post-verdict motions or an appeal. As before, the Rule achieves this goal by insisting on a "clear line of demarcation" between a judgment and an opinion or memorandum. The Rule compels an extraordinarily austere approach to drafting judgments–a body of a proper judgment should state the relief granted and little else. This austerity will make clear for the parties when the appeal time has begun."

(continued...)

The Court notes that the Judgment in this case recites that "[o]n August 31, 2006, the jury rendered its Special Verdict on Plaintiffs' breach of contract claim," and that "in accordance with the jury's Special Verdict, the court's rulings," monetary damages awards were made in favor of the plaintiffs in the amounts set forth in Paragraphs 1.a, 1.b and 1.c of the Judgment.

The Judgment further recites that

> 2. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, *the court determines that there is no just reason for delay and directs the entry of this Judgment as a final judgment* as to Plaintiffs' First Claim for Relief for Breach of Contract, Second Claim for Relief for Breach of the Covenant of Good Faith and Fair Dealing, Third Claim for Relief for Promissory Estoppel, Fourth Claim for Relief for Equitable Estoppel, Seventh Claim for Relief for Fraud, Eighth Claim for Relief for Negligent Misrepresentation, Ninth Claim for Relief for Promissory Fraud, and Tenth Claim for Relief for Breach of Fiduciary Duty and/or Self Dealing. The court stays further proceedings concerning Plaintiffs' Fifth Claim for Relief for Unjust Enrichment/Unjust Impoverishment and Sixth Claim for Relief for Constructive Trust and the parties' related motions seeking judgment based on unjust enrichment and constructive trust until further order of the court. *Consideration of the same is premature at this time, pending action by the Court of Appeals or the expiration of the time for appeal.* [Emphasis added.]

This reflects the Court's determination that there was no just reason for delay of entry of

---

[1](...continued)
Steven Baicker-McKee, William M. Janssen & John B. Corr, *Federal Civil Rules Handbook 2007* 991-92 (2006) (footnotes omitted). "Once a Rule 54(b) judgment is entered, the time for appeal on the judgment begins to run." *Id.* at 920 (footnote omitted). The importance of clear notice of the entry of a final judgment is underscored by cases such as *Alva v. Teen Help*, in which the appeal was dismissed as untimely where the notice of appeal was filed thirty days *and six minutes* after the entry of judgment.

Inclusion of the Court's Rule 54(b) determination in the text of the Judgment in this case served that purpose, avoiding the confusion that may otherwise result if the Rule 54(b) determination is set forth in a document separate from the judgment that is directed to be entered as final. *Cf. Silivanch v. Celebrity Cruises*, 333 F.3d 355, 364-65 (2d Cir. 2003) (ruling that Rule 54(b) order became effective and appeal period began to run when the Rule 54(b) order "was signed and mailed to the parties," even before it was docketed). At the same time, some tension appears to be unavoidable between the "separate document" austerity expected under Rule 58(a) and the court of appeals' suggestion "that as a matter of better practice (indeed, the most desirable practice) district courts, in their future considerations of Rule 54(b) certification requests, clearly articulate their reasons and make careful statements based on the record supporting their determinations of 'finality' and 'no just reason for delay' . . . ." *Old Republic*, 283 F.3d at 1225 n.5. "The Supreme Court has recognized that the separate-document rule must be 'mechanically applied' in determining whether an appeal is timely," *Allison v. Bank-Denver*, 289 F.3d 1223, 1232 (10th Cir. 2002) (quoting *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386 (1978)), without any exception for judgments directed to be entered pursuant to Rule 54(b).

judgment on the damages amounts found by the jury. The Court made the same determination as to certain orders entered by the court during the process of the trial as to other claims. The Court then stayed further consideration of plaintiffs' equitable claim for unjust enrichment and request for the equitable remedy of constructive trust and stated that the reason for doing so was that consideration of equitable remedies was "premature at this time, pending further action by the court of appeals" concerning the propriety of *legal relief* granted and the *legal rulings* made in the context of the jury trial, or the expiration of the time for appeal.

The Court notes that a civil action for breach of contract resulting in an award of monetary damages has long been regarded as the quintessential "legal" remedy, in contrast to those remedies yet deemed to be "equitable" in nature, such as unjust enrichment and constructive trust. To invoke the equitable jurisdiction of the Court, one must allege equities which make legal remedies inadequate.

As the Utah Supreme Court has explained: "[t]he right to an equitable remedy is an exceptional one, and absent statutory mandate, equitable relief should be granted only when a court determines that damages are inadequate and that equitable relief will result in more perfect and complete justice." *Thurston v. Box Elder County*, 892 P.2d 1034, 1040 (Utah 1995) (citing *South Shores Concession v. State*, 600 P.2d 550, 552 (Utah 1979)); *Delivery Serv. & Transfer Co. v. Heiner Equip. & Supply Co.*, 635 P.2d 21, 21 (Utah 1981) (stating that equitable remedy "normally only granted when damages may not accurately be ascertained or would not adequately compensate the plaintiff"); *Erisman v. Overman*, 11 Utah 2d 258, 262, 358 P.2d 85, 88 (1961) (where adequate legal remedy is available, "one may not seek equity"). Generally, "inadequate legal remedies exist when '[a party] is unlikely to be made whole by an award of monetary

damages or some other legal, as opposed to equitable, remedy . . . . Thus, an injury is irreparable if the damages are estimable only by conjecture and not by any accurate standard.' 42 Am.Jur.2d Injunctions § 33 (2004)." *Johnson v. Hermes Associates, Ltd.*, 2005 UT 82, ¶ 20 n.8, 128 P.3d 1151, 1158 n.8.

This proves no less true of plaintiffs' claim of unjust enrichment: "The [unjust enrichment] doctrine is designed to provide an equitable remedy where one does not exist at law. In other words, if a legal remedy is available . . . the law will not imply the equitable remedy of unjust enrichment." *American Towers Owners Ass'n, Inc. v. CCI Mech., Inc.*, 930 P.2d 1182, 1193 (Utah 1996); *see also Wood v. Utah Farm Bureau Ins. Co.*, 2001 UT App 35, ¶ 10, 19 P.3d 392 ("[R]ecovery under an unjust enrichment theory is available only when 'no enforceable written or oral contract exists.'" (citation omitted)); *Desert Miriah, Inc. v. B & L Auto, Inc.*, 2000 UT 83, ¶ 12, 12 P.3d 580 ("[T]he doctrine of unjust enrichment was specifically developed to address situations 'that did not fit within a particular legal standard but which nonetheless merited judicial intervention.'" (citation omitted)); *Lysenko v. Sawaya*, 1999 UT App 31, ¶ 13, 973 P.2d 445 ("the Utah Supreme Court has stated that the unjust enrichment 'doctrine is designed to provide an equitable remedy [only] where one does not exist at law.'").

Similarly, "courts recognize a constructive trust as a matter of equity where there has been (1) a wrongful act, (2) unjust enrichment, and (3) specific property that can be traced to the wrongful behavior. Such trusts are usually imposed where injustice would result if a party were able to keep money or property that rightfully belonged to another." *Wilcox v. Anchor Wate Co.*, 2006 UT 67, ¶ 34, ___ P.3d ___, 2006 WL 3114251, *7.

Both sides have filed notices of appeal in this case. If upon further review, the remedy at

law is found to be adequate, *i.e.*, the court of appeals concludes that the verdict and the Judgment thereon are appropriate, then the stayed equitable claims would become academic and could then be dismissed, the same being contingent upon a showing of the inadequacy of the legal damages remedy. If the court of appeals decides otherwise, or revives plaintiffs' causes of action dismissed by this Court and remands the same for further consideration, then a basis for equitable relief may yet appear in this case, and such would then be a proper subject for further proceedings by this Court on the merits.

Plaintiffs' legal remedy for breach of contract and their equitable claims of unjust enrichment and constructive trust—remedies that generally arise in the absence of an express contract[2]—do not present alternative and overlapping grounds for the same relief, and given the jury's verdict in plaintiffs' favor on their contract damages claim, this Court concluded that by their very nature "'the claims resolved are distinct and separable from the claims left unresolved.'" *Old Republic Ins. Co. v. Durango Air Service, Inc.*, 283 F.3d 1222, 1225 (10th Cir. 2002) (quoting *Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001)). Another more recent Tenth Circuit case relating to 54(b) certification states as follows:

> Rule 54(b) establishes three prerequisites for appeal of a separate final judgment on fewer than all claims in a lawsuit: (1) multiple claims; (2) a final decision on at least one claim; and (3) a determination by the district court that there is no just reason for delay. *See, e.g.*, 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Practice & Proc. § 2656, at 48-60 (3d ed. 1998).

---

[2] *See, e.g., Wood v. Utah Farm Bureau Ins. Co.*, 2001 UT App 35, ¶ 10, 19 P.3d 392 ("[R]ecovery under an unjust enrichment theory is available only when 'no enforceable written or oral contract exists.'" (citation omitted));, *Alpha Partners, Inc. v. Transamerica Inv. Management, L.L.C.*, 2006 UT App 331, ¶ 35, 2006 WL 2292737, *9 (noting that "recovery in an action in quantum meruit, such as unjust enrichment, is typically applied in instances where no enforceable written or oral contract exists") (citing *Bailey-Allen Co. v. Kurzet*, 876 P.2d 421, 425 (Utah Ct. App. 1994)). As the Utah Supreme Court recently observed, "The facts underlying unjust enrichment claims vary greatly from case to case, and the doctrine of unjust enrichment was specifically developed to address situations that did not fit within a particular legal standard but which nonetheless merited judicial intervention." *Allen v. Hall*, 2006 UT 70, ¶ 26, 148 P.3d 939, 945 (quoting *Desert Miriah, Inc. v. B & L Auto, Inc.*, 2000 UT 83, ¶ 12, 12 P.3d 580).

> To be final for purposes of Rule 54(b), an order must be "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7, 100 S. Ct. 1460, 64 L.Ed.2d 1 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436, 76 S. Ct. 895, 100 L. Ed. 1297 (1956)).

*Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005). "To determine whether separate appeals will be redundant," the court of appeals explains,

> courts consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible. *See* James Wm. Moore, et al., Moore's Fed. Prac.3d § 202.06[2] (3d ed.1999) (listing "(1) the factual overlap (or lack thereof) between the claims disposed of and the remaining claims, and (2) whether the claims disposed of and the remaining claims seek separate relief" as determining separate claims under Rule 54(b)), *cited in Bruner*, 259 F.3d at 1242; *Gas-A-Car v. Am. Petrofina, Inc.*, 484 F.2d 1102, 1105 (10th Cir.1973).

*Id.* at 827. A claim for constructive trust or unjust enrichment seeks relief separate from a claim for breach of an express contract, requiring a separate factual footing to which a separate legal standard is applied. They are not "alternative and overlapping grounds for the same relief." *Id.*

Had this court prematurely dismissed plaintiffs' remaining equitable claims without a conclusive determination as to adequacy of legal remedy, that dismissal would likely now also be the subject of a pending appeal—raising issues before the court of appeals concerning equitable relief that may never need to be addressed by any court if the legal remedy granted by the jury is ultimately determined to be adequate.

The defendant argues that "the outcome of Plaintiffs' unjust enrichment and constructive trust claims should not depend upon, or be influenced by, the appellate court's disposition of the other claims," because "Plaintiffs have no basis for claiming a right to equitable relief." (Defendant's Opposition to Plaintiffs' Request for Court to Enter Order Articulating Reasons for

Certification Under Rule 54(b), & Etc., filed February 16, 2007 (dkt. no. 242), at 6.)

> Plaintiffs attempted to prove at trial that part of Defendant's CRA stock "should have belonged to them" because he was disproportionately compensated, permitting an inference that CRA intended Defendant's shares as compensation for Plaintiffs' practices. The Court soundly rejected this argument in granting Defendant judgment as a matter of law on the fiduciary duty, promissory fraud, fraud and negligent misrepresentation claims that hinged on this same theory. . . .

(*Id.* at 7.) Yet plaintiffs have appealed from those rulings as well, and it remains to be seen whether the court of appeals will concur with the defendant's assessment of their soundness, or his assertion that "there was no evidence presented at trial that would support a finding that Defendant's compensation was intended by CRA as compensation for Plaintiffs' practices and therefore should, in part, have belonged to Plaintiffs." (*Id.* at 9.)

The contingent and alternative nature of the plaintiffs' remaining equitable claims persuaded this Court that "'the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals,'" and that the Judgment based upon the jury's verdict and this Court's legal rulings should be deemed final as of October 6, 2006. *Stockman's Water Company, LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. at 8). At that point, there was nothing more for this Court to decide.[3]

The issue for review, *viz.*, the propriety of the jury's verdict and the Judgment footed thereon—indeed, the adequacy of plaintiffs' damages remedy—is separate. Passing on the merits of the stayed claims is dependent on the conclusive resolution of that issue.

---

[3] The entry of judgment on October 6, 2006, was followed by the filing of post-judgment motions (dkt. no. 158), which in turn were heard by this Court, and denied. (*See* Order, filed January 5, 2007 (dkt. no. 201).) Of course, the time for appeal was tolled during the pendency of the post judgment motions. *See* Fed. R. App. P. 4(a)(4)(A).

The jury verdict and the Judgment based thereon are in the record.

The Court's rulings and the Judgment based thereon are in the record.

The reasons stated by the Court for staying the remaining equitable claims and certifying the Judgment as final are in the record and are amplified in this certificate.

Either the jury's verdict is sustainable on appeal or it is not. Either this Court's legal rulings were correct or they were not. If both are affirmed, nothing else will remain. If overturned on appeal, plaintiffs may yet have a viable claim for equitable relief, and the same has been stayed by this Court pending the resolution of that contingency.

**SO ORDERED.**

DATED this 23 day of February, 2007.

BY THE COURT:

_____
Bruce S. Jenkins
United States Senior District Judge